# UNITED STATES DISTRICT COURT
for the
## Eastern District of Kentucky
Lexington Division

| | |
|---|---|
| John Wilson )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>Asset Acceptance, LLC )<br>    *Defendant* )<br>) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.  Plaintiff, John Wilson, is a natural person who resides in Lincoln County, Ky. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.  Defendant, Asset Acceptance, LLC ("AAL") is a Delaware limited liability company, the principal purpose of whose business is the collection of debts, operating as a debt collection agency with its principal place of business located in Warren, MI.

5.  AAL regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are each "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

6. On April 26, 2007, Defendant, Asset Acceptance, LLC, filed suit against Plaintiff, John Wilson, in Lincoln District Court.

7. Mr. Wilson timely sent a letter to AAL, which was filed with the Court and was treated as Answer. In the letter, Mr. Wilson denied any liability and further noted that he had successfully disputed this same debt with Equifax.

8. On or about September 6, 2007, AAL moved for default judgment, which the Court denied because Mr. Wilson had filed an Answer in the case.

9. Nearly two years later, AAL moved for summary judgment. Unfortunately, Mr. Wilson did not defend and judgment was entered against him on March 23, 2009.

10. On December 27 2011, AAL served a wage garnishment on Mr. Wilson's employer, Central Oregon Truck Co., Inc., 422 NW Beaver, P.O. Box 1169, Prineville, OR 97754. (A copy of the wage garnishment is attached as Exhibit "A.").

11. Central Oregon Truck Co., Inc. correctly refused to honor the garnishment because the employer is located out of state and his paycheck is deposited in ING Bank, FSB, Mr. Wilson's out-of-state bank.

12. On February 2, 2012, AAL served a non-wage garnishment on ING Bank, FSB. (A copy of the non-wage garnishment is attached as Exhibit "B.").

12. Mr. Wilson filed a timely challenge to the wage garnishment and moved to quash the non-wage garnishment. (A copy of the motion to quash is attached as Exhibit "C.").

13. On February 9, 2012, ING Bank, FSB filed an Affidavit and Answer to the non-wage garnishment. (A copy of ING Bank, FSB Affidavit and Answer is attached as Exhibit "D.").

14. ING Bank, FSB did not forward any money to AAL. Instead, it filed the following defenses to the non-wage garnishment:

**DEFENSES**

1. The Writ of Garnishment fails due to a lack of in rem jurisdiction over accounts maintained by ING, in the name of the Judgment Debtor in Wilmington, Delaware.

2. The Writ of Garnishment fails because Delaware law prohibits garnishment of bank accounts located in Delaware under 10 Del. C. § 3502(b).

15. On February 22, 2012, AAL filed a release of the non-wage garnishment, which was entered by the Lincoln district court. (A copy of the garnishment release order is attached as Exhibit "E.").

## CAUSE OF ACTION

**I.    Violations of the Fair Debt Collection Practices Act**

16.    The foregoing acts and omissions of Asset Acceptance, LLC constitute violations of the FDCPA, including, but not limited to:

**(a)**  AAL violated 15 U.S.C. § 1692e(5), which prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" by serving a wage garnishment on an out-of-state employer and serving a non-wage garnishment on ING Bank, FSB. The Lincoln district court had no jurisdiction over wages paid in another state and then deposited in a bank located in a different out-of-state bank. The Lincoln district court had no jurisdiction over funds deposited in a Delaware bank. And the funds in ING Bank, FSB, a Delaware Bank, are expressly exempt from garnishment under Delaware law; and

**(a)**  AAL violated 15 U.S.C. § 1692f(1), which prohibits debt collectors from "collecti[ing] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" by serving a wage garnishment on an out-of-state employer and serving a non-wage garnishment on ING Bank, FSB. The Lincoln district court had no jurisdiction over wages paid in another state and then deposited in a bank located in a different out-of-state bank. The Lincoln district court had no jurisdiction over funds deposited in a Delaware bank. And the funds in ING Bank, FSB, a Delaware Bank, are expressly exempt from garnishment under Delaware law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, John Wilson, requests that the Court grant the following relief:

1.    Award Plaintiff actual damages;

2.    Award Plaintiff statutory damages;

3.    Award Plaintiff punitive damages;

4.    Award Plaintiff reasonable attorney's fees;

5.     Award Plaintiff costs; and

6.    Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

James McKenzie
*Pedley & Gordinier, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel: (502) 214-3120
Fax: (502) 214-3121
jmckenzie@pedleylaw.com

James H. Lawson
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com