UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

JOHN WILSON )
    *Plaintiff* )
)
v )    CASE NO.  5:12-cv-66-JMH
)
)
ASSET ACCEPTANCE LLC )
    *Defendant* )
)
_____ )

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Comes now the Defendant, Asset Acceptance LLC, (hereafter Asset), by counsel, and for its memorandum in support of motion to dismiss pursuant to Rule 12(b)(6) states as follows:

### FACTS

The Plaintiff, John Wilson, (hereafter Wilson) through counsel filed the complaint in this action on March 3, 2012. In the Complaint, Wilson admits the validity of the judgment in paragraph 9 of the complaint stating he did not defend against the motion for summary judgment in the state court action and judgment was against Wilson nearly three years ago in March 2009. He has never moved to set aside the judgment. Wilson admits being a Kentucky resident in Lincoln County. Wilson admits being an employee of Oregon Truck Co. Inc. and possessing a bank account with ING. A wage garnishment was issued as to Wilson's Employer, Central Oregon Truck Co. Inc. and a non-wage garnishment issued to Wilson's bank, ING Direct. Paragraph's 10 through 14 of

Wilson's complaint state the employer and the bank refused the garnishments. Wilson's employer refused the wage garnishment because the judgment was outside Oregon. See Plaintiff's Exhibit A to the complaint. The bank refused the non-wage garnishment citing lack of in rem jurisdiction and 10 Del. Code 3502(b). See paragraph 14 of the Complaint and Exhibit D of the Complaint. Consequently, Wilson admits not suffering any loss of wages or funds from the bank account. Other than stating the employer and bank are out of state, Wilson does not state any facts establishing that the employer and bank are not subject to long arm jurisdiction in Kentucky. And in fact, the state court never ruled on the issue.

     I.    **WILSON'S COMPLAINT FAILS TO STATE A CLAIM BY FAILING TO PLEAD FACTS SHOWING THAT THE EMPLOYER AND BANK WERE NOT SUBJECT TO KENTUCKY LONG ARM JURISDICTION**

The essence of Wilson's complaint is that Asset violated the Fair Debt Collection Practices Act (FDCPA) by issuing garnishments to an out of state employer and bank, which Wilson alleges is a threatened action that can not be legally taken to collect an amount not authorized by agreement or the law. Wilson's complaint only alleges that the employer and bank to which the garnishments were issued were "out of state." Wilson's claims are dependent on alleging facts that Asset could not issue a garnishment upon an out of state employer or bank under Kentucky law.

Kentucky's garnishment statute KRS 425.501 contains no prohibition on garnishment of "out of state" employers or banks but only provides the order of garnishment shall be served in accordance with the rules of civil procedure. CR 69.02(1) provides for service as prescribed by CR 4 or "at the option of the plaintiff, may be

directed by the plaintiff to the garnishee by regular first class or certified mail…" KRS 427.050(1) provides that Kentucky law exclusively applies related to exemptions as to garnishment of wages earned and paid outside Kentucky if the defendant was served in Kentucky, or Kentucky resident when the debt arose or Kentucky resident when the cause of action arose. Finally, KRS 454.210 provides for personal jurisdiction over a non-resident by transacting any business or contracting to provide goods or services in Kentucky.

In the present case, Wilson admits the validity of the judgment. Wilson admits being an employee of Oregon Truck Co. Inc. and having an ING bank account and being a Kentucky resident. Other than referencing to the employer and bank as "out of state," the rhetorical paragraphs of Wilson's complaint contains no factual allegations regarding the employer or banks contacts or lack of contacts with Kentucky to establish that the employer and bank are not subject to personal jurisdiction in Kentucky. Given KRS 425.501, CR 69.02 and KRS 454.210, Wilson under the theories plead in his complaint must state facts showing that the employer and bank are not subject to personal jurisdiction in Kentucky to state a claim. Wilson's complaint failing to state facts regarding the employer's or bank's contacts or lack thereof does not state a claim upon which relief can be granted. Even if Wilson's complaint had stated such facts, Wilson's complaint is or would be based upon invoking the due process rights of third parties (i.e. employer and bank) which means Wilson does not have standing to bring his claims.

    II.    **WILSON CLAIMS REST UPON THE ALLEGED DUE PROCESS RIGHTS OF THIRD PARTIES AND THEREFORE WILSON LACKS STANDING AND HIS COMPLAINT FAILS TO STATE A CLAIM.**

Wilson claims Asset by issuing garnishments to an employer and bank outside Kentucky it took an action it could not legally do in violation of the FDCPA. This claim assumes the employer and bank are not subject to personal jurisdiction under Kentucky law. In other words, Wilson claims his employer and bank were not subject to service of process, which constitutes invoking the employer's and bank's claims or defenses of lack of service or due process.

**JW Oilfield Equipment LLC v. Commerzbank**, 764 F. Supp.2d 587 (S.D.N.Y. 2011) is instructive on this issue. In **JW Oilfield**, judgment was obtained and a garnishment order issued to a German Bank with contacts in New York. Id. 590. The Bank claimed it should not be required to turn over the funds because they were on deposit in Germany and the turnover would violate the judgment debtor's due process rights. Id. 592 -594. The Court noted in pertinent part as follows:

> The issue of extraterritorial application of N.Y. CPLR § 5225(b) was the subject of a recent opinion of the New York Court of Appeals, responding to a question certified to it by the Second Circuit. *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 883 N.Y.S.2d 763, 911 N.E.2d 825 (2009), *answering question certified by Koehler v. Bank of Bermuda Ltd.*, 544 F.3d 78 (2d Cir.2008). The New York Court of Appeals concluded that " a **New York court with personal jurisdiction over a defendant may order [that defendant] to turn over out-of-state property regardless of whether the defendant is a judgment debtor or a garnishee.**" *Id.* at 541, 883 N.Y.S.2d 763, 911 N.E.2d 825.. . . **The Court distinguished postjudgment enforcement from a prejudgment attachment, which is based on a court's jurisdiction over the property being attached. It concluded that postjudgment enforcement (such as a proceeding under N.Y. CPLR article 52) requires only jurisdiction over persons. "In short, article 52 postjudgment enforcement involves a proceeding against a person; its purpose is to demand that a person convert property to money for payment to a creditor;**

> whereas article 62 attachment operates solely on property, keeping it out of a debtor's hands for a time." *Id.* at 538, 883 N.Y.S.2d 763, 911 N.E.2d 825. . . . In order to raise the due process rights of JJS, Commerzbank must first show that it has standing to raise those rights. **As a general rule, a claimant does not have standing to assert the constitutional claims of a third party.** *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (" **[E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, ... the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.**" An exception to this general rule is found in the doctrine of *jus tertii,* or third-party standing. This doctrine is "designed to minimize unwarranted intervention into controversies where the applicable constitutional questions are ill-defined and speculative." *Craig v. Boren,* 429 U.S. 190, 193, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). Therefore, courts will require **that a party seeking third-party standing make two additional showings. First, the litigant must have a "close" relationship with the person who possesses the right. Second, there must be a "hindrance" to the possessor's ability to protect his own interests.** *Kowalski v. Tesmer,* 543 U.S. 125, 130, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (citing *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411. 411 (1991)).

Id. (Emphasis Added.)

In the present case KRS 425.501 is analogous to New York's 5225 in that it does not prohibit extraterritorial application and concerns a post judgment garnishment. Here, Wilson admits the validity of the judgment and argues that his wages are on deposit outside Kentucky. Furthermore, Wilson's claims depend upon invoking the due process rights of his employer and bank regarding personal jurisdiction and service of the garnishment. Finally, Wilson's complaint establishes that both the employer and the bank raised and invoked defenses related to due process and extraterritorial application of the Kentucky garnishment, so there was no hindrance of the employer or bank to protect

its own interests. Consequently, Wilson lacks standing and his complaint fails to state a claim. See Also **Ribbens International v. Transport International Pool Inc.**, 45 F.Supp.2d 982-984 (C.D.Cal. 1999) holding judgment debtor does not have third party standing to challenge service upon a garnishee defendant.

### III. EVEN IF WILSON HAS STANDING, THE COMPLAINT FAILS TO STATE A CLAIM

Wilson is a Kentucky resident and employee of the out of state Colorado trucking company. If an over the road trucking company hires and employs a Kentucky resident who would necessarily leave, return or pass through Kentucky on assignment, it is reasonable to think that the trucking company is transacting business in Kentucky and has contacts in Kentucky. Wilson, who admits the validity of the judgment, cannot subvert the enforcement of a judgment when a garnishee is subject to personal jurisdiction.

The case of **Oregon v. Control Data Corp**. 713 P.2d 30 (Or. 1986) is instructive. Judgment was entered in Oregon against an Oregon resident who was employee of Control Data and who had contacts in Oregon. The judgment debtor employee then moved to Minnesota to work for the same company, Control Data. An Oregon garnishment was issued and Control Data challenged the garnishment on due process grounds. Id. 30-31. The Court in pertinent part held:

> Although the Supreme Court's terminology of "contacts," "fair play," and "substantial justice" avoids rather than provides a calculus of state court jurisdiction, [2] when one turns from these terms to the actual decisions the present case is very different from Rush v. Savchuk. **Here the creditor, the Department of Revenue, did not attach assets in the forum state as a way of getting jurisdiction to adjudicate a claim against an absent debtor. This creditor already has a judgment against the debtor, a judgment for unpaid taxes on income earned in Oregon**


> while the debtor lived in Oregon. The Department seeks only to collect this judgment by reaching an asset belonging to the debtor in the hands of Control Data, a third party that unquestionably is present in Oregon.
>
> Control Data does not and, given the facts, could not reasonably dispute that Brest had enough "contacts" with Oregon when he incurred the tax liability to give the Oregon Tax Court jurisdiction to render a judgment for the deficiency. **If collection of such a judgment from intangible assets of the judgment debtor that are within the forum's reach were to require renewed jurisdictional links of the debtor to the forum state, it is difficult to see why the debtor could not avoid payment by moving from state to state, or indeed out of the country, one step ahead of the creditor's efforts to enforce the judgment through the courts of the debtor's residence, for instance under Minnesota statutes cited by Control Data.**
>
> We do not believe that the 14th Amendment restricts the states' power to execute their courts' valid judgments to that extent. Shaffer itself suggests the contrary:
>
>> "Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter."

Id, 32 (Emphasis Added)

Here, there is a valid judgment against a Kentucky resident who is an employee of a Colorado trucking company and Wilson presumably pays Kentucky income tax on the wages from said employer. Under these circumstances, Wilson's wages were within the reach of Kentucky.

The non-wage garnishment was issued to ING Direct, which is purely an internet banking option by ING. The Kentucky Supreme Court in **Hinners v. Robey**, 336 S.W.2d 891, 900 (Ky. 2011) suggests Kentucky would have personal jurisdiction in such a situation. **Hinners** states in pertinent part

> The [I]nternet, which is a worldwide interconnected computer network, undoubtedly challenges the ' territorial-based concepts' that courts have traditionally applied to problems of personal jurisdiction.... At the same time, it is equally true that traditional constitutional requirements of foreseeability, minimum contacts, purposeful availment, and fundamental fairness must continue to be satisfied before any activity-including [I]nternet activity-can support an exercise of personal jurisdiction. *Dagesse v. Plant Hotel N.V.,* 113 F.Supp.2d 211, 221-222 (D.N.H.2000); *Metcalf v. Lawson,* 148 N.H. 35, 802 A.2d 1221, 1225 (2002).
>
> " In analyzing the significance of Internet contacts, therefore, most courts hold that the constitutionality of a State's exercise of jurisdiction is proportionate to the nature and quality of the commercial activity the defendant conducts over the Internet." *Metcalf,* 802 A.2d at 1225; *Sports Authority Michigan, Inc. v. Justballs, Inc.,* 97 F.Supp.2d 806, 812-13 (E.D.Mich.2000). For assistance in analyzing the nature and quality of a defendant's Internet activity, many courts have adopted the framework developed by the federal district court in *Zippo,* 952 F.Supp. at 1119. This test reads as follows:
>
>> ... the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. **If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper**
>
> Id. at 900. (Emphasis Added)

Wilson's internet banking account with ING would involve an agreement with ING that would involve the repeated transmission of computer files over the internet related to Wilson's banking transactions, as well as, other residents of Kentucky that have accounts with ING. Consequently, personal jurisdiction over Wilson's bank in Kentucky would be proper.

## CONCLUSION

Wilson fails to state necessary facts to state a claim under theory that Asset could not legally garnish his out of state employer and bank. Even if Wilson states sufficient facts, he lacks standing because the claims relate to the claims/defenses of third parties. Finally, Kentucky would have personal jurisdiction over Wilson's employer and internet bank and Assets attempt issue garnishment on its valid judgment was proper. For the foregoing reasons, Wilson's complaint fails to state a claim and should be dismissed.

Prepared By:
 /s/ Charlie Gordon
Charlie Gordon
Counsel for Defendant, Asset Acceptance LLC
*Greene & Cooper LLP*
2210 Greene Way - P.O. Box 20067
Louisville, Kentucky 40250-0067
(502) 495-6500
(502) 495-2429 fax
Cgordon@greenecooper.com   E-mail

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically and mailed to the following on this 30 day of March, 2012.

James McKenzie
*Pedley & Gordinier PLLC*

10600 Timberwood Circle Ste. 1
Louisville KY 40223

And

James H. Lawson
*Lawson at Law, PLLC*
10600 Timberwood Circle Ste. 1
Louisville KY 40223

/s/Charlie Gordon
Charlie Gordon
Counsel for Defendant, Asset Acceptance LLC.