```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JOHN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 5:12-cv-66-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

        \*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Defendant Asset Acceptance, LLC's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). [DE 4]. Plaintiff Wilson has responded to Defendant's motion [DE 6] and Defendant has filed a reply to Plaintiff's response [DE 8]. The Court, having reviewed the record and being otherwise adequately advised, is prepared to rule on Defendant's motion. For the following reasons, Defendant's motion to dismiss will be granted.

**I.  BACKGROUND**

In April 2007, Asset Acceptance filed a debt collection action against Plaintiff in Lincoln County, Kentucky District Court. In early 2009, the Lincoln District Court granted summary judgment in favor of Asset Acceptance. Subsequently, upon Asset Acceptance's application pursuant to KRS 425.501, the court issued an order of wage garnishment to Wilson's out-of-

state employer, Central Oregon Truck Company, Inc., *see* DE 1-1, and an order of non-wage garnishment as to Wilson's out-of-state bank account with ING Direct, *see* DE 1-2. Both Wilson's employer and ING refused to garnish the funds as ordered, contending that the Kentucky court lacked jurisdiction over the out-of-state wages and bank account. In February 2012, upon Asset Acceptance's motion, the Lincoln District Court ordered that the attachment upon Plaintiff's account with ING be released. Ultimately, Asset Acceptance never garnished any funds from Plaintiff's employer or from the ING account.

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. He contends that Defendant violated the Act by taking an unlawful action to enforce the state court judgment against him and by attempting to collect amounts not permitted by law. The crux of Plaintiff's argument with respect to both claims is that the Lincoln District Court did not have jurisdiction over the out-of-state funds and, therefore, Defendant's attempt to garnish them via the Lincoln District Court garnishment proceeding was in violation of the FDCPA.

## II. DISCUSSION

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff

and factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atl. v. Twombly,* 550 U.S. 544, 555-56 (2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to state a claim that is "plausible on its face," then the claims must be dismissed. *Twombly,* 550 U.S. at 570; *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541-42 (6th Cir. 2007).

    **A.    Plaintiff's Claim Under 15 U.S.C. § 1692e(5)**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." One way in which a debt collector can violate this provision is to "threat[en] to take any action that cannot legally be taken or that is not intended

3

to be taken." § 1692e(5). Contrary to Plaintiff's contention, Defendant's attempt to garnish his out-of-state wages and bank account does not constitute a violation of § 1692e(5).

While the Court appreciates the parties' arguments regarding the state court's jurisdiction over the res sought to be garnished, the proper resolution of this claim begins with a review of the plain language of the FDCPA. *See Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009)(interpretation of FDCPA begins with statutory language itself). Section 1692e(5) prohibits the "threat" of any illegal action in connection with the collection of a debt. As Plaintiff points out, when it comes to violations of the Act, there is often no meaningful distinction between a threat and an action actually pursued. *See* DE 6, p. 4 ("Plaintiff's Objection to Defendant's Motion to Dismiss"). In construing the Act's language to encompass conduct beyond mere threats, however, the Court must keep in mind the purpose behind the provision – to eliminate the "intimidating effect on the least sophisticated consumer." *See Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 29 (6th Cir. 2007). Section 1692e is directed at conduct likely to confuse consumers – that which may make them feel pressured to pay a debt immediately, even when the validity of the debt is disputed. *See id.* (citing *Gionis v. Javitch,* 405 F. Supp. 2d 856, 867 (S.D. Ohio 2005)). Examples of such

4

conduct include a debt collector's threat to file a lawsuit when no debt is owed, *see Todd v. Capital One Fin. Corp.,* 3:07-cv-189-S, 2007 WL 3306097, at *3 (W.D. Ky. Nov. 6, 2007), and a debt collector's threat (at the outset of litigation) to collect attorneys' fees when such fees are not recoverable under state law, *Gionis,* 238 F. App'x at 29.

Rather than threatening action intended to induce payment of a disputed debt, Defendant merely sought to enforce a final judgment that had already been entered in its favor. While the procedural correctness of Defendant's method of enforcement may be disputed, this clearly is not the type of debt collection activity from which the FDCPA is designed to protect consumers. *See Carlson v. First Revenue Assurance,* 359 F.3d 1015, 1018 (8th Cir. 2004)("The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation. Only those collection activities that use 'any false, deceptive, or misleading representation or means' . . . will also constitute FDCPA violations.") Regardless of the state court's in rem jurisdiction over the funds to be garnished, there is no suggestion that Defendant's attempt to enforce the judgment in its favor involved any false, deceptive, or misleading representations and, thus, Defendant's conduct does constitute a "threat" as contemplated by the Act.

5

Accordingly, Plaintiff has not stated a claim for relief under 15 U.S.C. § 1692e(5).

    **B.    Plaintiff's Claim Under 15 U.S.C. § 1692f(1)**

Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Further, this provision specifically prohibits the collection of any amount that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Here, Plaintiff does not challenge the amount that Defendant attempted to collect but, rather, the sources from which Defendant attempted to collect the judgment. Any challenge that Plaintiff may wish to make as to the judgment itself is barred by the *Rooker-Feldman* doctrine. *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010)(citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)(*Rooker-Feldman* doctrine prevents state-court losers from complaining, in federal district court, of "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Because Plaintiff does not allege that Defendant sought to collect an amount greater than that owed, he has failed to state a claim under § 1692f(1). *See Taylor v. Midland Credit Mgmt., Inc.*, No. 1:07-cv-582, 2008 WL 544548, at

6

*4 (W.D. Mich. Feb. 26, 2008)("[B]y its terms § 1692f(1) addresses the abusive practice of collecting an amount greater than that which is owing," thus, "where the amount being collected by the collection agency was not different than the amount owed, § 1692f(1) was inapplicable to the plaintiff's claim. . . .").

### III. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Defendant's motion to dismiss for failure to state a claim [DE 4] is hereby **GRANTED.**

This the 5th day of June, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge